Filed 1/17/14  P. v Ross CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059487 |
| v. | (Super.Ct.Nos. FBA900461 & FBA1000053) |
| JAMES DARNELL ROSS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

## INTRODUCTION[1]

Defendant James Darnell Ross threatened his former wife and her son and broke the windows at their residence.  A jury convicted defendant of two counts of making criminal threats (counts 1 and 3), one count of felonious vandalism (count 2), and a bail enhancement for count 3.  (§§ 422, 594, and 12022.1)  The court dismissed count 4 for attempting to dissuade a witness.  (§ 136.1, subd. (b)(1).)  In a bench trial, the court found true that defendant had suffered a prior "strike" and a prior felony conviction resulting in imprisonment.  (§§ 667, subds. (d)-(i), and 667.5, subd. (b).)  The court sentenced defendant to a total prison term of 11 years eight months.  (E051536, p. 2.)

In *People v. Ross* (E051536), an unpublished decision, this court reversed with directions "for the limited purpose of allowing defendant a reasonable time to investigate juror misconduct by Juror No. 79 and permitting defendant to file a motion for new trial, if warranted."  (E051536, p. 16.)  On remand, a hearing was held on defendant's motion for new trial. The motion was denied.  Defendant appeals from the final judgment entered on October 25, 2012.  (§ 1237, subd. (a); Cal. Rules of Court, rule 8.304(a).)

# II

## STATEMENT OF FACTS

Three witnesses testified at a hearing on the issue of juror misconduct.  Juror No. 79 testified that about three weeks after the conclusion of defendant's trial she encountered

---

[1]  All statutory references are to the Penal Code unless stated otherwise.

defendant's sister, Johnnie Ruby Greene, at a doctor's office. Juror No. 79 recognized Greene because their children had attended an eighth grade dance together about 10 years ago. She did not know Greene's name. At the time of trial, she had not remembered they were previously acquainted. Greene hugged her and said, "I know you didn't want to convict my brother, but you were pressured to." Juror No. 79 was startled and responded simply, "Oh, okay." Juror No. 79 did not tell Greene she was sorry. Juror No. 79 did not know defendant before the trial. She did not know if her nephew had ever worked with defendant. Juror No. 79 stated her deliberations as a juror were unaffected by her slight acquaintance with Greene.

Greene is defendant's sister. She testified somewhat differently than Juror No. 79. Green knew Juror No. 79 from school. Later their children attended an eighth grade prom together. That was their only contact until the trial. Greene claimed that, after the verdict but before defendant was sentenced, she was approached by a female juror at a grocery store. The woman told Greene "she was sorry." Greene told her "[i]t's cool." Greene is the office manager for a Barstow dentist. An eye doctor's office is next door. Greene again ran into Juror No. 79 as Greene was entering the office. Juror No. 79 repeated she was "sorry again for what she done to my brother." On cross-examination, Greene conceded she had recognized Juror No. 79 but did not think to tell the defense attorney.

Juanita Brooks knows defendant through his family. She was with Greene when a woman approached Greene outside the dental office and told her "I am so sorry about what happened to your brother." When the woman left, Greene told Brooks the woman was a juror in defendant's trial.

3

After hearing oral argument, the trial court found there was no evidence of any bias on the part of Juror No. 79.

III

ANALYSIS

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and a summary of the facts, and requesting this court to conduct an independent review of the record. We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

A juror who withholds information during voir dire commits misconduct impinging on a defendant's constitutional right to a fair trial. A juror who conceals relevant facts undermines the jury selection process and commits misconduct. (*People v. Duran* (1996) 50 Cal.App.4th 103, 111-112.)

In the present case, the trial court's finding is supported by substantial evidence that Juror No. 79 did not recognize defendant's sister at trial and did not exhibit any bias

regarding defendant. Juror No. 79 did not withhold any information or conceal any relevant facts during voir dire. No juror misconduct occurred.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


RAMIREZ

P. J.


KING

J.

5